**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KENNETH JONES** | § | |
| | § | |
| **v.** | § | **NO. A-11-CV-484 SS** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Plaintiff's Brief in Opposition to the Commissioner's Decision, filed October 24, 2011 (Clerk's Dkt. #19); Brief in Support of the Commissioner's Decision, filed December 20, 2011 (Clerk's Dkt. #20); Plaintiff's Reply Brief, filed January 15, 2012 (Clerk's Dkt. #22) and the Social Security Record filed in this case ("Tr.").

## I.   PROCEDURAL HISTORY

Plaintiff Kenneth A. Jones ("Jones") filed for disability benefits on June 1, 2006 alleging disability beginning January 1, 2006. (Tr. 21). Jones' claim was denied at the administrative level, and a hearing was conducted before Administrative Law Judge ("ALJ") Roy J. Richardson on November 18, 2008. (Tr. 30). The ALJ issued an unfavorable decision on January 5, 2009. (Tr. 18). Jones appealed. (Tr. 15). The Appeals Council denied Jones' request for review of the ALJ's

decision on November 23, 2010. (Tr. 1-5). Jones filed this action seeking judicial review of the ALJ's decision on June 11, 2011. (Clerk's Dkt. #1).

## II.  LEGAL STANDARDS

### A.    Legal Standard of Review

Judicial review in social security cases is limited by statute.  42 U.S.C. § 405(g); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).  The district court reviews the record to determine whether the Commissioner's decision is legally correct and supported by substantial evidence. *Austin v. Shalala,* 994 F.2d 1170, 1174 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427  (1971). It is more than a scintilla, but less than a preponderance. *Id.* The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir. 1988).  However, the court must scrutinize the entire record to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988).

### B.    Administrative Definitions and Standards

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423.  The Act defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases, which the undersigned summarizes as follows:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment equals or exceeds in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987). The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### III.   RELEVANT BACKGROUND

The ALJ found that Jones' mild degenerative disc disease, arthralgia, seizure disorder, schizo-affective disorder, depression, anxiety, and bipolar and substance abuse disorders were severe impairments within the meaning of the Act. (Tr. 24). The ALJ then found that, given all of these impairments, Jones was incapable of performing full-time, competitive employment (Tr. 24). However, the ALJ also determined that, but for Jones' substance abuse, he would be capable of lifting/carrying 10 pounds frequently and 20 pounds occasionally, standing/walking 6 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday. (Tr. 24). The ALJ found that, if Jones stopped the substance abuse, Jones could perform a significant number of jobs in the economy (Tr. 27). As a result, the ALJ determined that Jones' substance use disorders were a contributing factor material to the determination of disability such that Jones has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through his date last insured. (Tr. 27).

### IV. ISSUE PRESENTED

Jones asserts that substantial evidence does not support the ALJ's decision—particularly whether drug and alcohol use were a material factor to finding Jones disabled. Jones attacks the ALJ's decision that, absent substance abuse, Jones would have the mental and physical capability to perform work lifting and carrying 10 to 20 lbs and standing and walking 6 hours out of an 8 hour day. Specifically, Jones argues the ALJ's decision was not based on substantial evidence because the medications prescribed by Jones' doctors would significantly affect his ability to think and concentrate on the job such that, even absent alcohol and/or drug abuse, Jones would still be disabled.

4

## V. ANALYSIS

In 1996 Congress amended the Social Security laws related to alcoholism and drug addiction. Under the 1996 legislation and regulations, known as the Contract With America Advancement Act ("CAAA"), alcohol or drug addiction might preclude a finding of disability. *See* 42 U.S.C. § 423(d)(2)(C) (individual not considered disabled if alcoholism or drug addiction are contributing material factor); 42 U.S.C. § 1382c(a)(3)(J) (same).  If the Commissioner determines an individual is under a disability, and there is medical evidence in the record of drug addiction or alcoholism, the Commissioner must determine whether either is a material contributing factor to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In making the determination the regulations provide:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b)(1) & 416.935(b)(1). Fifth Circuit case law places the burden on the claimant to show that his remaining impairments are disabling. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

Jones argues that the ALJ's determination was not based upon substantial evidence. Specifically, Jones states that his doctors treated him with strong and addictive medications, including Xanax, Suboxone and Seroquel, for chronic pain as well as chronic anxiety and depression. He argues that the prescribed medications cause mental side effects that would interfere with his ability to concentrate and perform the mental demands of any work. He further argues that, since the medications from his doctors significantly affect his ability to think and concentrate on the job, he has met his burden to show that he would still be disabled even absent alcohol and/or drug abuse.

While Jones is correct that the ALJ did not specifically address the issue of whether Jones' prescribed medications might have made him disabled independent of his drug addiction or alcoholism, "the ALJ need not address every piece of evidence in the record." *Bordelon v. Shalala*, 41 F.3d 661, 661 (5th Cir. 1994). Indeed, it is not entirely clear that the ALJ should have even known to address this issue since Jones does not cite any portion of the record which demonstrates that his prescribed medications cause mental side effects that would interfere with his ability to work. Without some such evidence, Jones' arguments amount merely to conclusory statements.

As mentioned above, it is Jones' burden to demonstrate that his remaining impairments are disabling. *Brown*, 192 F.3d at 498. Conclusory statements are without merit and fail to meet Jones' burden to show that his remaining impairments are disabling. *See Smith v. Astrue*, 2008 WL 2325637 at #3 (5th Cir. June 06, 2008) (conclusory statement that ALJ failed to consider plaintiff's mental impairments or improperly valued certain medical reports over others is without merit). Since Jones fails to meet his burden, the undersigned need not even proceed with an analysis of whether the ALJ's decision relied on substantial evidence. However, in an abundance of caution, the undersigned will evaluate the ALJ's determination concerning Jones' substance abuse.

To survive review, the ALJ need merely have relied upon relevant evidence that a reasonable mind might accept to support a conclusion. Jones does not dispute the accuracy of evidence discussed in the ALJ's decision. As such, the undersigned will treat the ALJ's decision as an accurate reflection of evidence in the record. A review of the ALJ's decision clearly reveals the ALJ analyzed in detail the evidence concerning whether Jones would still be disabled if he stopped using drugs or alcohol:

> the evidence clearly shows that substance abuse was a contributing factor to several of the physical and mental health symptoms experienced by the claimant during this time (Exhibit 12F). In fact, except for the opinion of Christine Christner, Ph.D., a consultative examiner, who believed the claimant's subjective reports of abstinence, the record fails to establish a mental health impairment that would exist in the absence of substance use. In reaching this conclusion, the undersigned notes that Dr. Kang did not directly address the impact of substance abuse in her October 2008 opinion, but progress notes, which include a diagnosis of alcohol abuse versus dependence, continuance, clearly show she was aware this was a contributing factor (Exhibit 14F).
>
> Considering this evidence, and the directive provided in *Brown v. Apfel*, 192 F.3d 493 (5th Cir. 1999), in which the court held that although the record suggests the claimant's abuse of narcotics "both exacerbated and was itself fueled by depression, that fact is not sufficient to imply the inverse: i.e., that cessation of narcotic and alcohol usage would abate the depression," the undersigned finds the claimant's substance use would be a material factor to a finding of disability. In *Brown*, the court held that the claimant has [the] burden of introducing evidence that supports a finding in his favor that he would still be disabled by depression even if he stopped using drugs and alcohol. The claimant, in this instance, has failed to meet this burden.
>
> Even though Dr. Kang does address the impact of substance abuse in her October 2008 opinion, progress notes from 2008 show the claimant continued to drink on a daily basis (Exhibits 14F, p. 4). As the evidence establishes the claimant has been less than forthright about his substance use in the past, such as in April 2007 when he advised the consultative evaluator that he only drank occasionally and had not used illegal drugs for the past five years (Exhibit 7F), the undersigned finds absent objective proof of sustained sobriety, substance abuse must be found to be material. Consequently, the undersigned concludes to date the record fails to establish a mental health impairment, separate and apart from substance use that would more than minimally impact upon the claimant's ability to work.

Similarly, as pointed out by Dr. Hemlock, treatment notes show the claimant's seizure disorder has been aggravated by substance use (Exhibit 11F). The objective evidence to date fails to establish in the absence of substance use, the claimant has a mental health impairment or seizure disorder that would more than minimally impact upon his ability to work. As a result, the undersigned finds there is no evidence the claimant's seizure disorder, schizoaffective disorder, depression, anxiety, or bipolar disorder would be "severe" as defined by the Social Security Act and Regulations in the absence of substance use. In reaching this determination, the undersigned has considered the directive provided in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), which finds "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."

In contrast, the evidence does show, separate and apart from substance abuse, the claimant has experienced occasional exacerbations of back and joint pain (Exhibits lF & 12F). In fact, during 2008, the claimant has required frequent medical intervention for exacerbated lower back pain and a lumbar radiculopathy (Exhibit 20F). However, despite his symptomatology, the claimant has demonstrated at most mild to moderate functional limitations. Notably, an April 2007 physical evaluation revealed the claimant had a normal gait/station, no problems standing on heels and toes, an ability to squat all the way down and arise without difficulty, intact motor strength, normal range of motion throughout his spine, and negative straight leg raises. Similarly, on physical examination during 2008, the claimant demonstrated negative straight leg raises, intact sensation, and full motor strength (Exhibit 20F). These facts convince the undersigned the claimant, whose primary symptom to date has been tenderness to palpation of the lumbar spine, could perform the demands of a full range of light work (Exhibit SF). In reaching this determination, the undersigned has also considered the claimant's allegations of chronic headaches, but notes despite the claimant's subjective reports, the objective evidence of record indicates at most intermittent symptomatology (Exhibit 1F).

(Tr. 24-26).

While the ALJ did not discuss the potential effects of Jones' prescription medication, the ALJ did rely upon relevant evidence that a reasonable mind might accept to support the conclusion that, absent Jones' substance abuse, his remaining impairments are not disabling. Furthermore, the district court is not even permitted to reweigh the evidence or substitute its judgment for that of the Commissioner. *Johnson,* 864 F.2d at 343-44. Thus, it is not appropriate for this court to review the

record *de novo* to reweigh evidence when the ALJ based his determination upon substantial evidence. Jones has not, therefore, shown the ALJ erred in concluding that, absent Jones' substance abuse, his remaining impairments are not disabling. Accordingly, Jones has not shown he is entitled to relief on this basis.

## VI.  RECOMMENDATION

There is substantial evidence in the record that, absent substance abuse, Jones is capable of making a successful adjustment to other work existing in significant numbers in the national economy. The ALJ relied on all the relevant medical evidence and had more than sufficient information to make an accurate residual functional determination. Therefore, based on the evidence before the ALJ as stated in this report, and the findings articulated in the ALJ's decision, the undersigned **RECOMMENDS** that the District Court find the ALJ applied the proper standards and based the decision on substantial evidence, and **DENY** the claims made in the complaint.

## VII.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of June, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE